Billings, Thomas P., J.
The plaintiff has purported to sue the Visa Section of the Chinese Embassy, seeking damages. The complaint alleges that the plaintiff is married to a Chinese national, by whom he has a son (born in Leominster, Massachusetts in January 2003, and so a U.S. citizen); that he became concerned in 2004 that his wife might leave the country with their son; that he called the Chinese Embassy to request that no visa be granted to his son; that the Embassy advised him to put his request in the form of a letter; that he did so, enclosing a copy of his son’s birth certificate; but that a visa was issued anyway in August 2004, without his consent; and that his son has been in China ever since.
The matter came before me on the plaintiffs motion to join the People’s Republic of China as a defendant. The plaintiffs instinct is correct: the Embassy is (so far as appears) merely an arm of the Chinese government, having no independent legal personhood, and his suit would lie — if it lies at all — against the sovereign.
Therein, however, lies the rub. The People’s Republic of China is a foreign sovereign state. Suit against it in the federal or the state courts is thus governed by the Foreign Sovereign Immunities Act (“FSIA”), 28 U.S.C. §§ 1602 et seq., which “provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country.” Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989).
Under the FSIA, foreign states (including their political subdivisions, agencies and instrumentalities, see 28 U.S.C. § 1603(a))[1] “shall be immune from the jurisdiction of the courts of the United States and of the States,” subject to certain exceptions. 28 U.S.C. §1604. “(S]overeign immunity under the FSIA is immunity from suit, not just from liability.” Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994).
*453 None of the exceptions to immunity, which are enumerated in sections 1605-07, apply to this case. The most nearly applicable exception — that in section 1605(5), pertaining to certain tort suits — is unavailable, since the decision to grant or deny a visa is plainly the exercise of a discretionary function. 28 U.S.C. §1605(5)(A) (tort exception is inapplicable to “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused”).
The Court thus lacks jurisdiction over the claim asserted by the defendant, whether the named defendant be the People’s Republic of China or its embassy. The motion to join the People’s Republic must therefore be denied as futile, and the action must be, and hereby is, dismissed on the Court’s own motion.

ORDER

For the foregoing reasons, the plaintiffs Motion for Joinder of Defendant is DENIED, and the action is dismissed for lack of subject matter jurisdiction.

The Chinese Embassy is an agency or instrumentality of the People’s Republic. See Gerrtisen v. De La Madrid Hurtado, 819 F.2d 1511, 1517 (9th Cir. 1987) (Mexican consulate was agency or instrumentality of Mexico).